## JAMES MURRAY *vs.* JOHN WATSON.

In an action on the case for corrupting the water of a well on the plaintiff's land, by constructing a nuisance on the adjoining land, if the plaintiff recover, he is entitled to full costs, although the verdict be for less than twenty dollars damages.

THIS was an action on the case for a nuisance, by the erection of a privy on the defendant's land, and thereby injuring the plaintiff's well on his land adjoining. At the trial, each party offered in evidence the deed of their respective lots, and the declaration alleged a title in the plaintiff to the land on which the well stood. The only plea was the general issue. Nominal damages being returned for the plaintiff in the court of common pleas, where the action was commenced, *Byington*, J. ruled that the plaintiff was not entitled to full costs under Rev. Sts. *c.* 121, § 3, to which ruling the plaintiff excepted. The case was argued at the November term, 1852

*F. Hilliard,* for the plaintiff.

*W. Colburn,* for the defendant.

By THE COURT.   In the opinion of the court, the plaintiff is entitled to full costs.   When the original action is brought in the court of common pleas, the plaintiff, though he does not recover more than twenty dollars, is entitled to full costs in all actions of replevin and trespass on real estate, actions on the case for disturbance of any easement, and all others in which the title to real estate may be concerned.

It not only includes real actions, where title to land is strictly in issue, but injuries to easements, rights in and upon real estate, incorporeal hereditaments; and therefore embraces injuries to the estate which affect the permanent value.   If the case is not within the letter of trespass on real estate, it is within the spirit, as damage done to real estate.   But the ground of our decision is, that it was an action which might, and which in fact did concern real estate.   It was one in which the question of right to be determined might be much more important to the plaintiff than the amount of damage to be recovered.   Since the revised statutes, the question does not depend exclusively on the record, but on the fact.   *Sawyer* v. *Ryan,* 13 Met. 144.

   *Exceptions sustained, and plaintiff allowed full costs.*